■ In the Matter of ELENA FEIN, Petitioner, v MARK FEIN et al., Appellants-Respondents, JOSEPH R. MARRO, Coconservator, et al., Respondents, and SAMUEL R. BUXBAUM, as Guardian ad Litem, Respondent-Appellant.—Judgment, Supreme Court, New York County, entered February 2, 1979, which, *inter alia,* appointed Joseph R. Marro coconservator over the

property of Irving Fein, conservatee, modified, without costs, on the law, on the facts, and in the exercise of discretion, to remand for a further hearing and determination on the need for a coconservator. This court's previous stay of that portion of the judgment appointing Joseph R. Marro as coconservator is continued pending Special Term's determination following the hearing on the same conditions previously fixed, except that the previous direction to Burton Marcus to apply to this court prior to taking certain action is modified to direct him to make such an application to Special Term. Appeal from order of May 16, 1979, dismissed as academic. This was a proceeding pursuant to article 77 of the Mental Hygiene Law to appoint a conservator for the estate of Irving Fein commenced by his wife Elena Fein. After a hearing, Special Term appointed as coconservators Burton Marcus, Irving Fein's son-in-law and long-time business associate in a business that constitutes the principal asset of the estate (who agreed to waive all fees) and, in addition, Joseph R. Marro. As limited by their brief, the respondent-appellants, Marcus and two of Irving Fein's three children, appeal from that part of the judgment that designates Marro as coconservator. It is not now disputed that Special Term was correct in determining that there was a need for a conservator for Mr. Irving Fein. The record discloses that the entire Fein family, including his wife and three children, unanimously recommended the appointment of Burton Marcus as conservator. It is also clear that the family was unanimously opposed to the appointment of a coconservator. This objection was not personal to the individual designated. Rather it was based on the family's concern that the Fein estate would be needlessly burdened with heavy additional expenses. In addition, the family was concerned at the introduction into the situation, with broad powers, of someone not known to the conservatee or to any member of the family. In *Matter of Starrett* (53 AD2d 846) presenting a very similar issue, this court commented: "This record does not warrant the appointment of a stranger coconservator which will subject the estate to the burden of fees * * * It is the rare exception where a committee unanimously nominated by the next of kin should not be appointed. Strangers will not be appointed unless it is impossible to find within the family circles, or their nominees, one who is qualified to serve". The record is insufficient to permit a determination as to whether there was a potential conflict of interest between Marcus and the conservatee. However, questions were raised in the final report of the guardian ad litem, who had been appointed to represent the conservatee, that warrant a further hearing to determine whether there is good reason to appoint a second conservator. We remand primarily for that purpose, without thereby intending to limit Special Term in acting as may be deemed appropriate in the light of the facts disclosed by the new hearing. Concur—Kupferman, J. P., Fein, Sandler, Markewich and Silverman, JJ.